UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRONTIER AIRLINES, INC,<br><br>　　　　Defendant. | Case No. 25-cv-02898-SVK<br><br>**ORDER ON (1) PLAINTIFF'S MOTION FOR RECONSIDERATION AND (2) MOTION TO DISQUALIFY JUDGE**<br><br>Re: Dkt. Nos. 11, 12 |

On April 3, 2025, the Court denied Plaintiff Sergey Firsov's application to proceed *in forma pauperis* ("IFP") and set a deadline of May 5, 2025 for Plaintiff to pay the filing fee. Dkt. 5. Plaintiff subsequently filed a "Request for Hearing About Court Fee Waiver Order" on a state court form (Dkt. 9), which the Court treated as a request for leave to file a motion for reconsideration of the Court's order denying Plaintiff's IFP application. Dkt. 10. The Court granted Plaintiff leave to file a motion for reconsideration and ordered him to submit a declaration under penalty of perjury concerning his ability to pay the $405.00 filing fee in this action, along with any supporting paperwork, by May 12, 2025. *Id.* The Court also suspended the May 5 deadline to pay the filing fee pending a ruling on Plaintiff's motion for reconsideration. *Id.*

Now before the Court are Plaintiff's motion for reconsideration (Dkt. 11) as well as his motion to disqualify the undersigned magistrate judge (Dkt. 12). For the reasons that follow, both motions are **DENIED.**

**I.　MOTION FOR RECONSIDERATION OF ORDER DENYING IFP APPLICATION**

In response to the Court's order at Dkt. 10, Plaintiff filed a declaration under penalty of perjury with additional information about his financial condition, which cross-referenced additional evidence that had been presented to Judge Cousins in *Firsov v. Alaska Airlines*, 25-cv-

02841. Having considered the additional material provided by Plaintiff, the Court **DENIES** his motion to reconsider the Court's denial of the IFP application. "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). However, as explained in the Court's order denying Plaintiff's IFP application, "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id*. at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); *see also* Dkt. 5. In light of Plaintiff's resources, he has not shown that he could not afford to pay the Court filing fee if he adjusted or deferred other of his discretionary expenses.

Accordingly, the Court now re-sets the deadline for Plaintiff to pay the filing fee. Plaintiff must pay the fee by **June 18, 2025.** If he fails to do so, the Court will issue an order that this case be reassigned to a District Judge with a recommendation that the case be dismissed without prejudice.

## II.     MOTION FOR DISQUALIFICATION

Plaintiff seeks to disqualify the undersigned magistrate judge "for violation of Rules of Court, Code of Judicial Ethics, improper conduct and bias against Plaintiff under 28 U.S.C. 455." Dkt. 12 at 1.

### A.     Legal Standard

Under 28 U.S.C. § 455, a federal judge must disqualify herself in "any proceeding in which [her] impartiality might reasonably be questioned," including where "[she] has a personal bias or prejudice concerning a party." The standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). What matters "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The bias or prejudice that must be shown is not merely a favorable or unfavorable disposition toward a party, but rather a "favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess." *Id*. at 550 (emphasis in original). For

this reason, motions for disqualification are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913–14 (quoting *Liteky*, 510 U.S. at 554–56). A judge should not disqualify herself when the facts do not warrant disqualification, as there is an equally compelling obligation not to recuse where it is not appropriate. *Id*. at 912 ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.").

### B.     Analysis

The Court's conduct does not warrant disqualification because it does not meet the foregoing standards for disqualification. Plaintiff's motion for disqualification focuses on two assertions: (1) that the Court prevented issuance of the summons, which has made Plaintiff unable to serve Defendant; and (2) that the Court should have sealed Plaintiff's IFP application. Dkt. 12 at 1-3. Plaintiff argues he "should not ask judge to issue summons and seal application IFP, this is the court's DUTY" and "Plaintiff not believe this judge anymore that (sic) next hearing will be fair." *Id.* at 2.

In light of the Court's denial of Plaintiff's IFP application, he is not entitled to issuance of the summons unless and until he pays the filing fee. Although any person may, at the commencement of an action, file an IFP application if they want the Court to authorize prosecution or defense of the action without payment of fees, if an IFP application is denied, as it was in this case, the action may be dismissed unless any outstanding fees are paid within the time set in the order. *See* Civ. L.R. 3-10 (a), (c).

Plaintiff's assertion that the Court was obligated to seal the IFP motion he filed in the public record is incorrect because Plaintiff has not filed a motion to seal or demonstrated that the standards for sealing have been met here. *See* Civ. L.R. 79-5.

Accordingly, the Court **DENIES** Plaintiff's motion to disqualify.

### III.     CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration of the Court's order denying his IFP application and his motion to disqualify the undersigned magistrate judge are

3

**DENIED**.  Plaintiff must pay the filing fee by **June 18, 2025.**  If he fails to do so, the Court will issue an order that this case be reassigned to a District Judge with a recommendation that the case be dismissed without prejudice.

    **SO ORDERED.**

Dated: May 28, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge