**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SERGEY FIRSOV,<br><br>           Plaintiff,<br><br>    v.<br><br>FRONTIER AIRLINES, INC,<br><br>           Defendant. | Case No.  25-cv-02898-SVK<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO WITHDRAW CONSENT**<br><br>[Re:  ECF No. 14, 17] |

Before the Court is Plaintiff Sergey Firsov's ("Plaintiff"), proceeding *pro se*, motion to withdraw consent to magistrate judge jurisdiction. ECF 17 ("Mot."). For the reasons explained below, the Court DENIES Plaintiff's motion to withdraw consent.

**I.    BACKGROUND**

In his Complaint, Plaintiff alleges that, on February 7, 2025, he "purchased round-trip ticket SFO-MUC-WAW-FRA-PHL-SFO" through Lufthansa Airlines. ECF 1, Complaint ("Compl.") at 3. He further alleges that, on March 15, 2025, Plaintiff purchased a "connection ticket PHL-ATL" from Defendant Frontier Airlines, Inc. ("Defendant"). *Id.* On the same day, Plaintiff alleges that he purchased another "connection ticket ATL-SFO" from United Airlines. *Id.* On March 23, 2025, Plaintiff alleges that he checked baggage and pet in cabin in WAW airport in Warsaw, Poland. *Id.* Plaintiff claims he later arrived in PHL airport in Philadelphia, PA. *Id.* Plaintiff alleges that, on March 24, 2025, Defendant and United Airlines "refused to respect baggage tag and pet in cabin" from Lufthansa Airlines. *Id.* On March 25, 2025, Plaintiff requested refunds. *Id.* United Airlines issued a refund "but Defendant refused." *Id.* The Court notes that since March 2025, Plaintiff has filed 10 similar cases against other airlines.

On March 28, 2025, Plaintiff brought this action against Defendant under the Montreal

1 Convention MC99. Compl. at 2. On March 28, 2025, Plaintiff filed a motion for leave to proceed in

2 *forma pauperis* ("IFP"). ECF 3. On or about April 1, 2025, Plaintiff mailed the Court his consent to

3 Magistrate Judge Jurisdiction for all purposes. ECF 6. On or about the same day, Plaintiff mailed a

4 letter which stated that his IFP application should be "filed separately as confidential." ECF 8. The

5 Court received Plaintiff's consent and his letter on April 4, 2025. ECF 6, 8.

On April 3, 2025, the Court denied Plaintiff's IFP application, and set a deadline of May 5, 2025, for Plaintiff to pay the filing fee of $405.00. ECF 5. On April 29, 2025, the Court suspended the deadline for Plaintiff to pay the filing fee while the Court considered Plaintiff's motion for reconsideration of the order denying Plaintiff's IFP application. ECF 10. The Court directed Plaintiff to submit a declaration under penalty of perjury concerning his ability to pay the filing fee by May 12, 2025. *Id.* Plaintiff did not file the declaration. On May 21, 2025, Plaintiff filed a motion to disqualify judge for cause. ECF 12.

On May 28, 2025, the Court denied Plaintiff's motion for reconsideration of the IFP order and denied Plaintiff's motion to disqualify judge. ECF 13. The Court also set a deadline of June 18, 2025, for Plaintiff to pay the filing fee. ECF 13. Plaintiff subsequently filed a motion to withdraw his consent to a magistrate judge, ECF 14, along with an amended consent/declination form, ECF 15. On June 5, 2025, the magistrate judge referred plaintiff's motion to withdraw consent to the undersigned judge. ECF 17.

## II. LEGAL STANDARD

A magistrate judge may conduct all proceedings upon the consent of all the parties in a civil action. 28 U.S.C. § 636(c)(1). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 2003). Federal Rule of Civil Procedure 73(b)(3) provides that only "the district judge may vacate a referral to a magistrate judge." "The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge." *Branch v. Umphenour*, 936 F.3d 994, 1001–02 (9th Cir. 2019) (citing 28 U.S.C. § 636(c)(4)).

## III. DISCUSSION

Plaintiff argues that it was incorrect for the magistrate judge to order him to pay the filing

2

United States District Court
Northern District of California

fee before a summons can be issued. Mot. at 2. Plaintiff further contends that his IFP application should be filed under seal.

The Court finds that Plaintiff has failed to show good cause or extraordinary circumstances that warrant his withdrawal of consent to magistrate judge jurisdiction. Plaintiff's request is at best based on his disagreement with the denial of his IFP application and the magistrate judge's order requiring him to pay the filing fee before issuing summons. Plaintiff's disagreement with the magistrate judge's ruling is insufficient. *See Branch v. Umphenour*, 936 F.3d 994, 1004 (9th Cir. 2019) ("Neither mere dissatisfaction with a magistrate judge's decision, nor unadorned accusations that such decisions reflect judicial bias, will suffice" the requirement for withdrawal of magistrate judge jurisdiction.). The Court notes that Plaintiff neither filed a motion to seal his IFP application under Civ. L.R. 79-5 nor demonstrated that the standards for sealing have met. *See* ECF 3. Thus, Plaintiff has failed to show how the magistrate judge failed to provide a reasonable decision for denying his request to seal his IFP application. *See* Mot. at 3. The Court also notes that Plaintiff cited multiple authorities in his motion. *See* Mot. at 2-3. But none of Plaintiff's authorities supports his argument that the magistrate judge is incorrect in requiring him to pay the filing fee before issuing summons or that his IFP application should be filed under seal.

## IV.  ORDER

For the foregoing reasons, the Court DENIES Plaintiff's motion to withdraw consent to magistrate judge jurisdiction. The Court returns this case to Judge van Keulen for further proceedings.

Dated:  June 6, 2025

_____
BETH LABSON FREEMAN
United States District Judge

3