1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

SERGEY FIRSOV,

Case No.  5:25-cv-02898-SVK

8

Plaintiff,

9

v.

**ORDER DENYING MOTION TO DISQUALIFY JUDGE**

10

FRONTIER AIRLINES, INC,

Re: Dkt. No. 25

11

Defendant.

12        In this civil case, Plaintiff Sergey Firsov moved for permission to proceed "in forma

13   pauperis" ("IFP") under 28 U.S.C. § 1915(a)(1) without prepayment of court filing fees.  Dkt. 3.

14   The Court denied Firsov's motion in April of this year.  Dkt. 5.  For the following several months,

15   Plaintiff engaged in procedural wrangling in an effort to avoid paying the fees and to secure

16   assignment to another judge.  First Plaintiff filed a motion for reconsideration, which the Court

17   denied.  Dkt. 11, 13.   The Court's order on May 28, 2025 reset the deadline to pay the filing fee to

18   June 18, 2025.  *Id.*  On June 2, 2025, Firsov filed a motion to withdraw consent along with an

19   amended consent/declination form.  Dkt. 14, 15.  In the Court's order referring Plaintiff's motion

20   to the general duty judge issued on June 6, 2025, the Court stayed the June 18 deadline.  Dkt. 17.

21   Plaintiff's motion to withdraw consent was denied on June 6, 2025.  Dkt. 18. On June 9, 2025, the

22   Court issued an order reinstating the June 18, 2025 deadline.  Dkt. 19.  On June 20, 2025, the

23   Court set an initial Case Management Conference ("CMC") for July 8, 2025.  Dkt. 22.  However,

24   because Plaintiff failed to pay the filing fee, on June 30, 2025, the Court vacated this CMC and

25   stated that it "w[ould] reset the hearing if necessary."  Dkt. 23.  On July 8, 2025 the Court issued

26   an order to reassign the case to a district court judge with a report and recommendation to dismiss

27   the case.  Dkt. 24.  However, later that same day, Firsov finally paid the filing fee.  As a result, the

28   Court terminated the July 8 order at Dkt. 24.

United States District Court
Northern District of California

Now before the Court is Plaintiff's July 11, 2025 motion to disqualify the undersigned magistrate judge. Dkt. 25. Plaintiff seeks to disqualify the undersigned magistrate judge "for violation of Rules of Court, Code of Judicial Ethics, improper conduct and bias against Plaintiff under 28 U.S.C. 455" because Firsov was denied the opportunity to attend the vacated CMC. Dkt. 25 at 1. For the reasons that follow, the motion is **DENIED**.

## I.    Legal Standard

Under 28 U.S.C. § 455, a federal judge must disqualify herself in "any proceeding in which [her] impartiality might reasonably be questioned," including where "[she] has a personal bias or prejudice concerning a party." The standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). What matters "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The bias or prejudice that must be shown is not merely a favorable or unfavorable disposition toward a party, but rather a "favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess. . . ." *Id.* at 550 (emphasis in original). For this reason, motions for disqualification are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14 (quoting *Liteky*, 510 U.S. at 554-56). A judge should not disqualify herself when the facts do not warrant disqualification, as there is an equally compelling obligation not to recuse where it is not appropriate. *Id.* at 912 ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.").

## II.    Analysis

The Court's conduct does not warrant disqualification because it does not meet the foregoing standards for disqualification. Plaintiff's motion for disqualification focuses on the *vacated* CMC hearing on July 8, 2025 where Firsov claims to have (1) "connected to the ZOOM to participate in CMC conference[;]" (2) "raised a hand couple times (sic)[;]" and (3) was

United States District Court
Northern District of California

United States District Court
Northern District of California

1  "ignored." Dkt. 25 at 1. Accordingly, Firsov alleges that "Judge intentionally ignored Plaintiff's

2  request to participate in CMC" and "violated FRCP Rule 16 by exclud[ing] Plaintiff from [a]

3  *scheduled* discussion." *Id.* at 2 (emphasis added).

4      Plaintiff's assertion that he was prevented from participating in a CMC on July 8, 2025 is

5  incorrect because the Court vacated the CMC on June 30, 2025. *See* Dkt. 23. An initial CMC

6  may be changed at any time for any reason. *See* Civ. L.R. 16-8(b). More generally, although the

7  Court has issued orders unfavorable to Plaintiff, none have been either undeserved or founded

8  upon knowledge the Court should not possess. Accordingly, Plaintiff's motion for disqualification

9  does not satisfy the legal standard and is **DENIED**. *Liteky*, 510 U.S. at 548.

10     Now that Plaintiff has paid the filing fee and the summons has issued, once a proof of

11  service on Defendant Frontier Airlines is filed, the Court will set the matter for an initial CMC.

12     **SO ORDERED.**

13  Dated: July 25, 2025

14

15

16  SUSAN VAN KEULEN
    United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

3