UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

   Plaintiff,

  v.

FRONTIER AIRLINES, INC,

   Defendant.

Case No. 25-cv-02898-SVK

**ORDER ON PLAINTIFF'S MOTION TO DISQUALIFY JUDGE**

Re: Dkt. No. 54

  Before the Court is Plaintiff Sergey Firsov's November 17, 2025 motion to disqualify the undersigned judge. Dkt 54. The Court's May 28, 2025 and July 28, 2025 orders denying Plaintiff's earlier motions to disqualify summarize key events in earlier stages of this litigation. *See* Dkt. 13, 27. A sample of case activity since the Court's denial of Plaintiff's most recent previous motion to disqualify includes the following: Plaintiff filed a motion to recover the cost of serving the complaint (Dkt. 28), Plaintiff filed an amended complaint (Dkt. 28), Plaintiff filed a motion to set aside a settlement of this case (Dkt. 32), Defendant Frontier Airlines appeared in the case (Dkt. 34), Plaintiff filed a motion to strike Defendant's opposition to his motion to set aside the settlement (Dkt. 38), and the Parties filed other documents and briefs. In light of this case activity, on October 21, 2025 the Court issued an order that set deadlines for various filings and briefs and provided that other than the items specified in the order, "**no Party may file any new briefs or motions** without leave of Court until the Court decides the present motions." Dkt. 39 – the "October 21 Order" (emphasis in original).

  Following the October 21 Order, the Parties filed certain documents and briefs as authorized by that order, including Defendant's response to the amended complaint, which was in the form of a motion to dismiss, and the Parties' opposition and reply briefs on Plaintiff's motion to recover the cost of service and his motion to strike Defendant's opposition to his motion to set aside the settlement. *See* Dkt. 40, 41, 42, 50. Plaintiff also filed a new motion, which seeks recovery of the cost of serving the amended complaint, without obtaining prior leave of Court as

required in the October 21 Order. Dkt. 43. On November 3, 2025, the Court issued an order striking the unauthorized new motion to recover costs of service. Dkt. 45 – the "November 3 Order." The November 3 Order also authorized the Parties to file briefs on Defendant's motion to dismiss the amended complaint on a specified schedule. *Id.*

All briefs authorized by the October 21 Order and the November 3 Order have now been filed.

On November 5, 2025, Plaintiff filed a motion for leave to file a second amended complaint. Dkt. 49. The Court struck the motion because it was not authorized under the Court's October 21 Order. Dkt. 52. Plaintiff has since filed a motion for reconsideration of the order striking his motion (which will be addressed in a separate order) and the present motion to disqualify the undersigned judge. Dkt. 53, 54. Plaintiff now seeks to disqualify the undersigned magistrate judge under 28 USC § 455 based on "violation of FRCP 15(a), Code of Judicial Ethics and bias against Plaintiff." Dkt. 54 at 1. For the reasons that follow, the motion is **DENIED**.

## I.     Legal Standard

Under 28 U.S.C. § 455, a federal judge must disqualify herself in "any proceeding in which [her] impartiality might reasonably be questioned," including where "[she] has a personal bias or prejudice concerning a party." The standard for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). What matters "is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). The bias or prejudice that must be shown is not merely a favorable or unfavorable disposition toward a party, but rather a "favorable or unfavorable disposition or opinion that is somehow *wrongful* or *inappropriate*, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess. . . ." *Id.* at 550 (emphasis in original). For this reason, motions for disqualification are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *Holland*, 519 F.3d at 913-14 (quoting *Liteky*, 510 U.S. at 554-56). A judge should not disqualify herself when the facts do not warrant

2

disqualification, as there is an equally compelling obligation not to recuse where it is not appropriate. *Id.* at 912 ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.").

**II.   Analysis**

The Court's conduct does not warrant disqualification because it does not meet the foregoing standards for disqualification. Plaintiff's motion for disqualification argues that the Court's order striking his motion for leave to file a second amended complaint violated Rule 15(a), under which he contends "any party can amend pleading before trial." Dkt. 54 at 1. Plaintiff misstates the circumstances under with Rule 15(a) permits amendment as of right. Rule 15(a)(1) permits a party to "amend its pleading once as a matter of course" by certain deadlines. Plaintiff has already filed an amended complaint. Dkt. 31. Accordingly, if Plaintiff wished to amend his complaint again, he was required to obtain "the opposing party's written consent or the court's leave." Dkt. 15(a)(2). What was *improper* about Plaintiff's motion seeking leave to further amend his complaint (Dkt. 49) was that Plaintiff filed it contrary to the Court's October 21 Order, which paused the Parties' ability to file new motions without prior leave of Court. Plaintiff did not seek or obtain leave of court before filing his motion for leave to amend the complaint.

District courts have the inherent authority to efficiently manage their dockets and resolve cases. *Dietz v. Bouldin*, 579 U.S. 40, (2016). This inherent power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). The Court's orders to facilitate an orderly and efficient resolution of the many motions in this case were appropriate and do not demonstrate bias against Plaintiff. Accordingly, Plaintiff's motion for disqualification does not satisfy the legal standard and is **DENIED**.

**SO ORDERED.**

Dated: November 20, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3