UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br><br>        Plaintiff,<br><br>    v.<br><br>FRONTIER AIRLINES, INC,<br><br>        Defendant. | Case No. 25-cv-02898-SVK<br><br>**ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 42 |

## I.   INTRODUCTION AND BACKGROUND

In this lawsuit, Plaintiff Sergey Firsov seeks relief from Defendant Frontier Airlines, Inc. ("Frontier") under the Montreal Convention and state law. This factual background is based primarily on the allegations of Plaintiff's First Amended Complaint ("FAC") and its attached exhibits. Dkt. 31. *Id.* On February 7, 2025, Plaintiff purchased a "round-trip non-refundable ticket SFO-MUC-WAW-FRA-PHL-SFO" with departure on March 20, 2025 and return on March 24, 2025. *Id.* ¶ V. An exhibit to the FAC includes a receipt from United Airlines with the same date (February 7, 2025) and booking number (BY2QRK) referenced in paragraph V of the FAC. Dkt. 31 at PDF pp. 20-21. That receipt reflects an itinerary for travel between March 20, 2025 and March 24, 2025 with flights from SFO (San Francisco) to MUC (Munich, Germany); MUC to WAW (Warsaw, Poland); WAW to FRA (Frankfurt, Germany); FRA to PHL (Philadelphia, Pennsylvania); and PHL to SFO. *Id.*[1] This order will refer to this itinerary as the "original United itinerary." Some of the flights on the original United itinerary were to be operated by airlines other than United, such as by Lufthansa and Discovery Airlines. *Id.*

The FAC states that "[o]n 03/15/25 Plaintiff changed his mind and purchased connection

---

[1] For ease of cross-reference to the FAC and its exhibits, this rest of this order will generally use the applicable airport codes rather than city names.

1  ticket PHL-ATL booking CJB5FX … with departure on 03/24/25" and states that Plaintiff paid for
2  the ticket in part with "Frontier miles." Dkt. 31 ¶ V.  Attached to the FAC is a receipt from
3  Frontier with the same itinerary, dates of purchase and travel, and booking number referenced in
4  paragraph V of the FAC.  *Id.* at PDF pp. 22-23.  The FAC also states that "[o]n 03/15/25 Plaintiff
5  purchased one more connection ticket ATL-SFO, booking NEFFFPL … with departure on
6  03/24/25," for which he paid in part using "United miles." Dkt. 31 ¶ V. Attached to the FAC is a
7  receipt from United with the same itinerary, dates of purchase and travel, and booking number
8  referenced in paragraph V of the FAC.  *Id.* at PDF pp. 24.  It therefore appears from these
9  allegations that Plaintiff replaced the final PHL-SFO leg of the original United itinerary with two
10  flights:  a flight from PHL to ATL on Frontier, and a flight from ATL to SFO on United.
11      Plaintiff filed the original complaint in this case on March 28, 2025.  Dkt. 1.  Following
12  extensive proceedings on Plaintiff's application to proceed *in forma pauperis* and other matters,
13  Plaintiff filed the FAC on September 22, 2025.  Dkt. 31  The FAC alleges that Defendant charged
14  Plaintiff a baggage fee and a pet fee in connection with his flight from PHL to ATL, even though
15  at WAW Plaintiff had already paid a pet fee to Lufthansa and "registered baggage to final
16  destination SFO." *Id.* at PDF p. 3. The FAC contains a claim for violation of the Montreal
17  Convention as well as claims under state law.  *Id.*
18      Pending before the Court are a number of motions.  *See* Dkt. 28 (Plaintiff's motion to
19  recover costs of service); Dkt. 32 (Plaintiff's motion to set aside settlement); Dkt. 38 (Plaintiff's
20  motion to strike Frontier's opposition to motion to set aside settlement); Dkt. 42 (Frontier's
21  motion to dismiss FAC); Dkt. 53 (Plaintiff's motion for reconsideration of order striking
22  Plaintiff's motion for leave to file a second amended complaint to add two defendants); and
23  Dkt. 56 (Plaintiff's motion for leave to file second amended complaint for retaliation).  All Parties
24  have consented to the jurisdiction of a magistrate judge.  Dkt. 6, 36.
25      Because Frontier's motion to dismiss (Dkt. 42) asserts that this Court does not have subject
26  matter jurisdiction, which would preclude the Court from ruling on the other pending motions, the
27  Court first considers that motion, which is suitable for determination without a hearing.  Civ. L.R.
28  7-1(b).  The Court concludes that it does not have subject matter jurisdiction over Plaintiff's claim

1  for violation of the Montreal Convention, which is Plaintiff's only federal claim, and declines to

2  exercise supplemental jurisdiction over Plaintiff's state law claims. Because this defect cannot be

3  cured by amendment, the FAC is **DISMISSED WITHOUT LEAVE TO AMEND.** The Court

4  **DENIES** Frontier's request for an award of sanctions. All other pending motions are

5  **TERMINATED**. The Clerk of Court shall close the file in this matter.

## II. LEGAL STANDARD

A complaint must establish a basis for the Court to exercise federal subject matter jurisdiction. *See Ngoc Lam Che v. San Jose/Evergreen Cmty. Coll. Dist. Found.*, No. 17-cv-00381-BLF, 2017 WL 2954647, at *2 (N.D. Cal. July 11, 2017) ("Limits upon federal jurisdiction must not be disregarded or evaded."). Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, as well as civil actions where there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs), 28 U.S.C. § 1332.

Under Federal Rule 12(b)(1), dismissal is appropriate if the court lacks subject-matter jurisdiction. An attack on subject matter jurisdiction "may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack asserts that "the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction[,]" while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Allegations of jurisdictional facts "are not afforded presumptive truthfulness; on a motion to dismiss for lack of subject matter jurisdiction, the court may hear evidence of those facts and resolve factual disputes where necessary." *Young v. United States*, 769 F.3d 1047, 1052 (9th Cir. 2014) (quotations and citation omitted).

## III. MOTION TO DISMISS

The FAC invokes the Court's federal question jurisdiction on the basis of Plaintiff's claim under the Montreal Convention. Dkt. 31 ¶ 3.[2] Frontier's motion to dismiss argues that the Court

---

[2] Paragraph 3 of the FAC, which concerns federal question jurisdiction, refers generally to "Montreal Convention, Warsaw convention." Dkt. 31 ¶ 3. However, the only claim in the FAC that is based on federal law is Plaintiff's first claim for violation of the Montreal Convention. *Id.* at PDF p. 5. The Montreal Convention supersedes the older Warsaw Convention. *Yakub v. Qatar*

lacks subject matter jurisdiction because the Montreal Convention does not apply to Plaintiff's one-way domestic flight on Frontier. Dkt. 42. In opposing Frontier's motion, Plaintiff cites articles 1(3) and 36 of the Montreal Convention in asserting that his flight from PHL (Philadelphia) to ATL (Atlanta) should be considered part of his international flight that originated in WAW (Warsaw, Poland). Dkt. 51.

The Montreal Convention applies to "all international carriage of persons, baggage, or cargo performed by aircraft for reward." Montreal Convention, Art. 1(1). Article 1(3) of the Montreal Convention provides:

> Carriage to be performed by several successive carriers is deemed, for the purposes of this Convention, to be one undivided carriage if it has been regarded by the parties as a single operation, whether it had been agreed upon under the form of a single contract or of a series of contracts, and it does not lose its international character merely because one contract or a series of contracts is to be performed entirely within the territory of the same State.

Article 36 provides in part that where carriage is performed by "successive carriers," liability is limited to the carrier "which performed the carriage during which the accident or the delay occurred, save in the case where, by express agreement, the first carrier has assumed liability for the whole journey." *Id.*, Art. 36.

The dispositive determinant in resolving whether a domestic flight is part of international carriage is the intent of the parties to enter into an agreement for international carriage. *Kruger v. United Air Lines*, No. C 06-04907 MHP, 2007 WL 3232443, at *3 (N.D. Cal., Nov. 1, 2007); *see also Coyle v. P.T. Garuda Indonesia,* 363 F.3d 979, 987 (9th Cir. 2004). In the Ninth Circuit, there is a "firmly settled methodology" for analyzing the parties' intent, in which "objective indications of the parties' intent take pride of place." *Kruger*, 2007 WL 3232443, at *4; *Coyle,* 363 F.3d at 989. Thus a court's inquiry begins with "the objective manifestations of the parties' intent expressed by the ticket." *Coyle*, 363 F.3d at 987; *Kruger*, 2007 WL 3232443, at *4 (stating that a court's inquiry begins with the "document of carriage or its equivalents"). A court may also call upon extrinsic evidence "to make sense of the objective indicia" presented in tickets. *Coyle*,

---

*Airways Grp. (Q.C.S.C)*, No. 25-cv-04142- JCS, 2025 WL 1927599, at *3 (N.D. Cal. July 14, 2025) (citation omitted).

363 F.3d at 988 (citing *In re Envirodyne Indus.*, 29 F.3d 301, 305 (7th Cir.1994) ("[e.g.,] dictionaries, treatises, articles, materials created by strangers to [a contractual] dispute.")). Furthermore, a court may look to "objective evidence of the circumstances of ticketing ... [in] evaluating the connectedness of individual flight segments," if the record contains "an admission that the airline (or its agent) actually understood the disputed flight to have been part of the decedent's international journey ...." *Id*. at 989.

Drawing all inferences in favor of Plaintiff in this case, the FAC contains no factual allegations to support a reasonable inference that Frontier regarded itself as part of a single operation with United (or any of United's partner airlines such as Lufthansa) in connection with Plaintiff's flight on Frontier from PHL to ATL. Plaintiff purchased the ticket from Frontier on a different date as the ticket for his original United itinerary and the tickets had different confirmation numbers. *Compare* Dkt. 35 at PDF pp. 20-21 *with id.* at PDF pp. 22-23. The Frontier ticket makes no reference any of the flights on the original United itinerary (and vice versa). *Id.* From the itinerary information in the exhibits to the FAC, it appears that Plaintiff was due to arrive in PHL on a flight from FRA on United or one of its partner airlines on March 23, 2025 at 5:00 pm and was not due to depart PHL for ATL on Frontier until the next day (March 24, 2025) at 8:26 a.m. – more than 15 hours after he had arrived in PHL. *Id.* Plaintiff's conclusory allegation in the FAC that "[s]ame inteary (sic) purpose, reasonable connection time couple hours in ATL/PHL airports and interline agreements (even if separate tickets) gives Plaintiff a right for reimbursement" fails to overcome these uncontroverted factual allegations in the FAC. There are no factual allegations in the FAC from which it can reasonably be inferred that Frontier knew of Plaintiff's itinerary on United (much less that Frontier knew Plaintiff's itinerary on the Frontier flight was for the same "purpose" as his United itinerary). Plaintiff's connection time in PHL was far longer than the alleged "couple hours." Moreover, there is no evidence before the Court to suggest that Frontier participates in an interline agreement with United.

The Court notes that after Frontier filed the motion to dismiss, Plaintiff filed a motion for leave to file a second amended complaint (SAC) to add two new defendants. Dkt. 49. The Court struck Plaintiff's motion for leave to file a SAC because it was filed in violation of an earlier order

1  by the Court that provided no new motions could be filed without leave of court until then-
2  pending motions were decided.  Dkt. 52; *see also* Dkt. 39.  Plaintiff has filed a motion for
3  reconsideration of the Court's order striking his motion for leave to amend.  Dkt. 53.  The Court
4  **DENIES** Plaintiff's motion for reconsideration because (1) Plaintiff failed to comply with Civil
5  Local Rule 7-9(a), which states that "[n]o party may notice a motion for reconsideration without
6  first obtaining leave of Court to file the motion"; and (2) the motion for reconsideration fails to
7  demonstrate any ground warranting reconsideration.  *See* Civ. L.R. 7-9(b).
8  However, in deciding whether any further amendments to the FAC might establish subject
9  matter jurisdiction, the Court has taken into account the proposed SAC Plaintiff sought to file.
10  *See* Ex. A to Dkt. 49.  The Court concludes that even if such amendments were permitted, they
11  would be futile.  Plaintiff's proposed SAC would add as new defendants the owners of GDS,
12  which Plaintiff alleges is the ticketing system used by both Lufthansa and Frontier.  *See id.*  The
13  proposed SAC admits that Frontier was unable to view Plaintiff's Lufthansa/United itinerary on
14  the ticketing system and therefore did not know that Plaintiff's PHL-to-ATL flight was allegedly
15  part of the same international itinerary.  *Id.* at PDF p. 14 (alleging that "Plaintiff has 3 separate
16  contracts of carriage" for his trip and GDS "not provided (sic) alternative to airline to check
17  bookings from different alliance").  Even if the Court were to give Plaintiff leave to amend the
18  FAC to add such allegations, it would not remedy the defects identified in this order.  Given
19  Plaintiff's allegations that he purchased a ticket for international travel on the original United
20  itinerary from United, and later separately purchased a ticket from Frontier for domestic travel
21  between PHL and ATL, it cannot be reasonably inferred that his Frontier flight was part of his
22  international travel and therefore subject to the Montreal Convention.
23  The Court concludes that the FAC does not plausibly allege a basis for application of the
24  Montreal Convention to Plaintiff's dispute with Frontier regarding fees charged in connection with
25  a purely domestic flight between PHL and ATL.  *See Braik v. Southwest Airlines Co.*, No. 25-cv-
26  8269-EJD, Dkt. No. 19 (N.D. Cal. Nov. 19, 2025) (finding no subject matter jurisdiction under
27  Montreal Convention where case involved a purely domestic flight purchased on a separate ticket
28  from a prior international flight); *Yakub v. Qatar Airways Grp. (Q.C.S.C)*, No. 25-cv-04142-JCS,

United States District Court
Northern District of California

2025 WL 2404959, at *2 (N.D. Cal. Aug. 8, 2025) (finding that plaintiff did not plausibly plead a basis for application of the Montreal Convention where plaintiff "alleges that he purchased his tickets with the three airlines separately"); *Biscone v. JetBlue Airways Corp.*, 681 F. Supp. 2d 383, 387 (E.D.N.Y. 2010) (finding that plaintiff, who experienced delay of a domestic flight, lacked standing for a claim under the Montreal Convention because she was not "an international traveler").

Because Plaintiff's claim for violation of the Montreal Convention is the sole basis he advances for federal subject matter jurisdiction, the complaint fails to plausibly allege a basis for the Court to exercise jurisdiction in this action. Absent a viable federal claim, "[a] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.' " *Sanford v. MemberWorks , Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)); *see also Bhandary v. Ghatak*, No. 25-CV-04464-BLF, 2025 WL 1736006, at *4 (N.D. Cal. June 23, 2025).

### IV.   FRONTIER'S REQUEST FOR SANCTIONS

Frontier requests that the Court impose sanctions against Plaintiff under the Court's inherent authority, under Federal Rule of Civil Procedure 11, and/or because Plaintiff has filed numerous lawsuits and has been deemed a vexatious litigant in state court. Dkt. 42 at 5. Frontier has not followed the necessary procedures before filing its motion for Rule 11 sanctions (*see* Fed. R. Civ. P. 11(c)(2)), and therefore the request for Rule 11 sanctions is **DENIED**. The Court also at this time **DENIES** Frontier's request that the Court award sanctions under its inherent authority or as a result of Plaintiff's conduct in filing multiple lawsuits.

### V.   CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1. Frontier's motion to dismiss the FAC is **GRANTED**. The federal claim for violation of the Montreal Convention is **DISMISSED WITHOUT LEAVE TO AMEND**, and the Court **DECLINES** to exercise supplemental jurisdiction over the state law claims.

2. Frontier's request for sanctions is **DENIED**.

7

3. Because the Court lacks subject matter jurisdiction over this action, all other pending motions are **TERMINATED**.

4. The Clerk of Court shall close the file.

**SO ORDERED.**

Dated: November 20, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

8