UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGEY FIRSOV,<br>    Plaintiff,<br>v.<br>FRONTIER AIRLINES, INC,<br>    Defendant. | Case No.  25-cv-02898-SVK<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>Re: Dkt. No. 61 |

Before the Court is Plaintiff Sergey Firsov's motion for reconsideration of the Court's November 20, 2025 Order on Motion to Disqualify the undersigned judge (Dkt. 61). The Court deems this matter suitable for determination without a hearing or further briefing. *See* Civ. L.R. 7-1(b).

Having reviewed the motion, the Court **DENIES** Plaintiff's motion for reconsideration because (1) Plaintiff failed to comply with Civil Local Rule 7-9(a), which states that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion"; and (2) the motion fails to demonstrate any ground warranting reconsideration of the challenged November 20, 2025 order. *See* Civ. L.R. 7-9(b).

The motion, although styled as a motion for reconsideration, also cites Federal Rules of Civil Procedure 59(e) and 60(b). Dkt. 61 at 1. The Court therefore has also considered whether Plaintiff is entitled to relief under those provisions. Rule 59(e) pertains to a motion to alter or amend a judgment. "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law*." Allstate Ins. Co. v. Herron*,

1  634 F.3d 1101, 1111 (9th Cir. 2011).  A court may also alter or amend the judgment under other
2  unusual circumstances.  *Id.*
3  Rule 60(b) pertains to a motion for relief from a final judgment, order or proceeding.  To
4  be entitled to relief under Rule 60(b), the party seeking relief must show:
5  (1) mistake, inadvertence, surprise, or excusable neglect;
6  (2) newly discovered evidence that, with reasonable diligence, could not have been
7  discovered in time to move for a new trial under Rule 59(b);
8  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
9  misconduct by an opposing party;
10 (4) the judgment is void;
11 (5) the judgment has been satisfied, released, or discharged; it is based on an earlier
12 judgment that has been reversed or vacated; or applying it prospectively is no
13 longer equitable; or
14 (6) any other reason that justifies relief.
15 Fed. R. Civ. P. 60(b).
16 Plaintiff has not demonstrated that relief is appropriate under either Rule 59(e) or Rule
17 60(b).  His motion generally rehashes arguments and evidence the Court has already considered.
18 Accordingly, Plaintiff's motion at Dkt. 61 is **DENIED.**
19 **SO ORDERED.**
20 Dated: December 2, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

2